**Kenneth L. HUFFMAN; Richard T. Huffman; Kayleen H. Pugh, individually, and as Trust Beneficiaries, Plaintiffs,**

**and**

**Nellie D. Huffman Intervivos Trust, Plaintiff–Appellant,**

**v.**

**RIVERTON CITY CORPORATION; David Murphy, individually, and in his official capacity as Riverton City Engineer; William Way, individually, and in his official capacity as Riverton City Administrator; Ken Leetham, individually, and in his official capacity as Assistant City Administrator, Riverton City; Brent Bennett, in-**

---

939

dividually, and in his official capacity as Riverton City Public Works Director; Scott Hill, individually, and in his official capacity as Riverton City Water Director; Sandra Lloyd, individually, and in her official capacity as Riverton City Mayor, Defendants–Appellees.

No. 99–4057.

United States Court of Appeals,
Tenth Circuit.

May 30, 2001.

Before EBEL, ANDERSON, and KELLY, Circuit Judges.

ORDER AND JUDGMENT *

EBEL, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unani-mously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f); 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Nellie D. Huffman Intervivos Trust purports to appeal from two orders of the district court that denied its motion for attorney's fees following its acceptance of defendants' offer of judgment before trial. Defendants challenge our jurisdiction over this appeal. Plaintiff maintains that its appeal is from the district court's February 1, 1999 and March 11, 1999[1] orders denying attorney's fees, and its March 22, 1999 notice of appeal confers jurisdiction on this court. Defendants argue that plaintiff failed to timely file a supplemental notice of appeal after the district court entered its final order denying attorney's fees on November 30, 1999, and that plaintiff's earlier notice of appeal was fatally premature.

We agree with defendants that the district court's February 1, 1999 and March 11, 1999 orders are not final on the collateral issue of attorney's fees. As a result, plaintiff's failure to timely file a supplemental notice of appeal after the district court entered its final order denying attorney's fees on November 30, 1999, leaves us without jurisdiction to consider plaintiff's appeal on that issue. *EEOC v. Wal–Mart Stores, Inc.,* 187 F.3d 1241, 1250 (10th Cir.1999).

DISMISSED.

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

1. The district court's order is dated March 10, but was filed on March 11, 1999.